IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CONSTANCE GEORGE**, <br><br> Plaintiff, <br><br> v. <br><br> **HOUSE OF HOPE RECOVERY, BRIDGES TO CHANGE, INC., WASHINGTON COUNTY DEPARTMENT OF HOUSING SERVICES, and PATRICIA BARCROFT**, <br><br> Defendants. | Case No. 3:15-cv-1277-SI <br><br> **OPINION AND ORDER** |

Moloy K. Good, GOOD LAW CLINIC, PLLC, 211 E. 11th Street, Suite 104, Vancouver, WA 98660. Of Attorneys for Plaintiff Constance George.

Kenneth S. Mitchell-Phillips, THE LAW OFFICES OF KEN MITCHELL-PHILLIPS, P.C., 650 N.E. Holladay Street, Suite 1600, Portland, OR 97232. Of Attorneys for Defendants House of Hope Recovery and Patricia Barcroft.

Kyle T. Abraham, BARRAN LIEBMAN LLP, 601 S.W. Second Avenue, Suite 2300, Portland, OR 97204. Of Attorneys for Defendant Bridges to Change, Inc.

Ryan J. McLellan and Sean K. Conner, SMITH FREED EBERHARD P.C., 111 S.W. Fifth Avenue, Suite 4300, Portland, OR 97204. Of Attorneys for Defendant Washington County Department of Housing Services.

**Michael H. Simon, District Judge.**

Plaintiff Constance George has sued House of Hope Recovery ("HOH"), Bridges to Change, Inc. ("Bridges to Change"), Washington County Department of Housing Services (the "County"), and Patricia Barcroft ("Barcroft"), collectively Defendants, alleging violations of: (1) the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*; (2) 42 U.S.C. § 1981 ("Section 1981"); (3) and 42 U.S.C. § 1982 ("Section 1982"). All Defendants have filed motions for summary judgment. At oral argument, Plaintiff conceded Bridges to Change's and the County's motions, as well as her Section 1982 claim against HOH. Accordingly, the Court grants summary judgment in favor of Bridges to Change and the County. Remaining before the Court is HOH and Barcroft's motion for summary judgment against Plaintiff's claims under the FHA and Section 1981. For the following reasons, HOH and Barcroft's motion is granted in part and denied in part.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for

PAGE 2 – OPINION AND ORDER

the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## BACKGROUND

Plaintiff was a participant in Bridges to Change's "Homeless to Work" program. Through Bridges to Change, Plaintiff discovered HOH, a non-profit organization that operates a residential recovery house in Beaverton, OR. ECF 36-1 at 6:19-7:1. HOH offers a "Christ-centered Housing Opportunity" that aims "to support women while they become firmly grounded in a personal relationship with Jesus Christ as well as a strong recovery program, which includes recovery from drug/alcohol addiction." ECF 36-2 at 2.

On March 5, 2013, Plaintiff and Nancy Ferry, an employee of Bridges to Change, met with Defendant Barcroft, HOH's Executive Director, to determine whether Plaintiff qualified for housing at HOH. According to Plaintiff, who is an African-American Jehovah's Witness, Barcroft asked her, without any context, "how [Plaintiff] felt about white people." ECF 36-1 at 11:11-12. Plaintiff states that she responded that she "love[s] all people." ECF 36-1 at 11:9-14. Although HOH offered religious meetings, Barcroft did not tell Plaintiff that HOH requires attendance at religious meetings.[1] ECF 36-1 at 14:4-11. At the conclusion of the interview, Barcroft decided that Plaintiff could move into HOH. ECF 36-1 at 13:21-23. HOH and Barcroft dispute aspects of Plaintiff's account of the initial interview, but have not filed any admissible evidence to support their version of the facts.[2]

---

[1] Plaintiff does not remember Barcroft reviewing the HOH's rules and requirements during the interview. ECF 36-1 at 13:17-20.

[2] Much of the factual support for HOH and Barcroft's account of the interview, as well as other facts of this case, is contained in two documents. First, HOH and Barcroft have filed records of a complaint that Plaintiff filed with the Oregon Bureau of Labor and Industries' Civil Rights Division ("BOLI"). ECF 29-1 at 2-60. Plaintiff objects to the BOLI records as hearsay. The Court overrules George's objection to the BOLI records in part. The Court holds that

PAGE 3 – OPINION AND ORDER

Plaintiff arrived at HOH on March 10, 2013. ECF 36-1 at 12:10-11. On March 19, 2013, Plaintiff says she informed Barcroft that she was a Jehovah's Witness and separately asked to be excused from the meeting that evening because she was ill. ECF 36-1 at 14:17-19, 16:6-7. Plaintiff states that she was told that she had to attend the meeting, ECF 36-1 at 14:19-20, even though HOH's "Cold & Flu Protocol" advises residents to stay in their rooms when feeling ill. ECF 36-2 at 13. Plaintiff states that before she became ill, her intention had been to attend the meeting. ECF 36-1 at 21:15-18. According to Plaintiff, "[t]hat same evening a white woman asked, that was a resident of the house, asked to be excused due to illness. She was told to stay home and get well. But I was told that I had to attend the meeting." ECF 36-1 at 15:9-12. Plaintiff states that Barcroft terminated Plaintiff's residency at HOH that same day. ECF 36-1 at 22:11-17.

Plaintiff filed a complaint with BOLI on November 25, 2013. ECF 29-1 at 57. BOLI determined that "[t]here is no substantial evidence that [Plaintiff] was subjected to unlawful discrimination based on race or that [Plaintiff] was unlawfully denied housing based on religion in violation of the Fair Housing Act . . . ." ECF 29-1 at 60.

---

BOLI's factual findings are admissible as public records, but that any otherwise inadmissible hearsay statements contained within the BOLI records are not admissible. *See* Fed. R. Evid. 805; *Schuett v. Eli Lilly & Co.*, 2011 WL 5865950, at *19 (D. Or. Nov. 22, 2011) ("While Rule 803(8) allows for admission of the agency's factual findings [in BOLI records], it does not allow the admission of hearsay contained within such factual findings.").

Second, HOH and Barcroft have filed a declaration of HOH and Barcroft's counsel. ECF 29. George objects to paragraphs 4-5 and 7-28 of the declaration of counsel as not based on personal knowledge. The Court sustains George's objection to paragraphs 4-5 and 7-28 of the declaration of counsel because these paragraphs summarize HOH and Barcroft's account of the facts, and there is no evidence that counsel has personal knowledge of these facts.

PAGE 4 – OPINION AND ORDER

## DISCUSSION

Plaintiff brings a claim for both racial and religious discrimination against HOH and Barcroft under the FHA. Against HOH, Plaintiff also brings a claim for racial discrimination under Section 1981. Both of Plaintiff's claims are for disparate treatment.

### A. FHA

HOH and Barcroft argue that they are entitled to summary judgment on Plaintiff's FHA claim because this Court should defer to the BOLI's determination that the claim is not supported by substantial evidence. *See Plummer v. W. Int'l Hotels Co., Inc.*, 656 F.2d 502 (9th Cir. 1981). HOH and Barcroft, however, provide no authority for the proposition that BOLI's finding precludes Plaintiff's right to a trial if there is a genuine issue of material fact.[3] The Court may not weigh the probative value of the evidence on a motion for summary judgment and thus turns to HOH and Barcroft's remaining arguments on Plaintiff's religious and racial discrimination theories.

#### 1. Religion

HOH and Barcroft argue that they may legally discriminate on the basis of religion because their activities are subject to the religious exemption to the FHA. *See* 42 U.S.C. § 3607(a). The Court need not address this argument because, as discussed next, Plaintiff has not presented any evidence of disparate treatment on the basis of religion.

---

[3] HOH and Barcroft cite *Plummer* for the proposition that "agency determinations 'are entitled to great deference by district court[s].'" ECF 28 at 8 (quoting *Plummer*, 656 F.2d at 504). This quote from *Plummer* is found in an explanatory parenthetical for *Blizard v. Fielding*, 572 F.2d 13, 16 (1st Cir. 1978). In *Blizard*, the First Circuit noted earlier "authority indicating that [Equal Employment Opportunity Commission] determinations are entitled to great deference," but held that "with respect to a finding of no probable cause by the Commission, the law today is clear: such finding will not bar a trial de novo on the charges." 572 F.2d at 15-16. Accordingly, the First Circuit found that "[m]ere failure of the court in this instance to make reference to the EEOC findings is not sufficient to sustain an allegation of prejudicial error." *Id.* at 16.

The FHA prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "FHA claims . . . may be brought under theories of both disparate treatment and disparate impact." *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009). Courts "analyze FHA . . . disparate treatment claims under Title VII's three-stage *McDonnell Douglas/Burdine* test." *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981). Accordingly, to establish a case of disparate treatment based on religion or race, a plaintiff must first show that: (1) she is a member of a protected class; (2) she was treated differently in the terms, conditions, or privileges of her rental relationship or in the provision of services or facilities to her as a tenant; and (3) the different treatment was, at least in part, because of her religion or race. *See* 42 U.S.C. § 3604(b).

> Second, if the plaintiff establishes the prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action.
>
> Third, if the defendant satisfies its burden, the plaintiff must prove by a preponderance of evidence that the reason asserted by the defendant is a mere pretext.

*Gamble*, 104 F.3d at 305 (citations omitted).

In support of her claim, Plaintiff points to evidence that HOH excused another woman from attending the meeting at issue after the woman informed HOH that she was ill, but the record contains no evidence of the other woman's religion. Plaintiff also points to evidence that Plaintiff informed Barcroft that Plaintiff was a Jehovah's Witness on the same day that Barcroft terminated Plaintiff's residency, but there is no evidence in the record that Barcroft did not terminate a non-Jehovah's Witness resident under similar circumstances. Accordingly, the Court

PAGE 6 – OPINION AND ORDER

grants summary judgment for HOH and Barcroft on Plaintiff's claim of religious discrimination under the FHA.

### 2. Race

HOH and Barcroft also argue that the evidence does not support Plaintiff's claim of racial discrimination, asserting without further elaboration, that ECF 29-1 provides "mounds of evidence" to refute her claim. ECF 28 at 9. HOH and Barcroft appear to be referring to hearsay statements contained in the BOLI records.

In response, Plaintiff points to evidence that on March 19, 2013, she asked to be excused from the meeting that evening because she was ill, but was told that she nevertheless had to attend the meeting. ECF 36-1 at 14:17-20. According to Plaintiff, "[t]hat same evening a white woman asked, that was a resident of the house, asked to be excused due to illness. She was told to stay home and get well. But I was told that I had to attend the meeting." ECF 36-1 at 15:9-12. Plaintiff states that Barcroft terminated Plaintiff's residency at HOH later that same day. ECF 36-1 at 22:11-17. HOH and Barcroft argue that they terminated Plaintiff's tenancy for legitimate, non-discriminatory reasons, namely that Plaintiff failed to attend the meetings that she was required to attend and gave conflicting stories about why she could not attend those meetings. HOH and Barcroft, however, identify no admissible evidence to support their version of the facts. The Court denies HOH and Barcroft's motion for summary judgment against Plaintiff's claim of racial discrimination under the FHA.

## B. Section 1981

HOH argues that it is entitled to summary judgment against Plaintiff's Section 1981 claim for several reasons. First, HOH argues that there is no evidence of intentional race-based

discrimination.[4] Section 1981 states that: "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). The *McDonnell Douglas* analytical framework that applies to Plaintiff's FHA claim also applies to her Section 1981 claim. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008). Plaintiff alleges that HOH's discriminatory conduct deprived her of the "same right enjoyed by white citizens to lease and hold real property on the basis of her race." ECF 1 ¶ 44. Because these allegations are based on the same conduct described above, Plaintiff's evidence, viewed in the light most favorable to Plaintiff, is sufficient to defeat HOH's motion for summary judgment.

In briefing, HOH also argues that Plaintiff's Section 1981 claim is barred by Oregon's two-year statute of limitations for personal injury actions. *See* Or. Rev. Stat. § 12.110(1); *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-62 (1987) (upholding an appellate court's application of the forum state's statute of limitations for personal injury actions to a Section 1981 claim). Plaintiff correctly responds that *Goodman* has been superseded by statute.

The four-year statute of limitations in 28 U.S.C. § 1658(a) applies to Plaintiff's Section 1981 claim because the claim "was made possible by a post-1990 enactment." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Before Congress amended Section 1981 in 1991, Section 1981 "cover[ed] only conduct at the initial formation of the contract and conduct which impair[ed] the right to enforce contract obligations through legal process." *Patterson v. McLean Credit Union*, 491 U.S. 164, 179 (1989). Plaintiff does not allege either

---

[4] HOH compares Plaintiff's allegations to those that the Fourth Circuit found insufficient in *Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009). In *Francis*, the Fourth Circuit dismissed disparate treatment claims brought by two African-American plaintiffs based on an allegation that the two African-American plaintiffs allegedly suffered the same treatment as a third white plaintiff. *Id.* In contrast, Plaintiff alleges here that a white resident of HOH received different treatment.

PAGE 8 – OPINION AND ORDER

type of conduct and would have been unable to bring a Section 1981 claim under *Patterson*. In 1991, however, Congress amended Section 1981 to define the terms "make and enforce contracts" as "include[ing] the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *see also Jones*, 541 U.S. at 373 (noting that the amendment was in response to *Patterson*). Because HOH's alleged discriminatory termination of Plaintiff's tenancy relates to "conduct that occurred after the formation of the contract," Plaintiff's Section 1981 claim arises under the 1991 amendment and thus is not untimely. *Jones*, 541 U.S. at 373, 382-83.[5]

## CONCLUSION

Defendant Washington County Department of Housing Services' Motion for Summary Judgment (ECF 22) is GRANTED. Defendant Bridges to Change, Inc.'s Motion for Summary Judgment (ECF 24) is GRANTED. Defendants House of Hope Recovery's and Patricia Barcroft's Motion for Summary Judgment (ECF 28) is GRANTED in part and DENIED in part; Plaintiff's claim under Section 1982 is DISMISSED.

**IT IS SO ORDERED**.

DATED this 8th day of February, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

[5] For similar reasons, the Court rejects HOH's contention that it is entitled to summary judgment against Plaintiff's Section 1981 claim because Section 1981 "covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." *Patterson*, 491 U.S. at 179. The 1991 amendment supersedes *Patterson*.